UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY MICHAEL GOMEZ**, <br><br> Petitioner, <br><br> vs. <br><br> **STATE OF MICHIGAN**, <br><br> Respondent. | 2:22-CV-10745 <br><br> **ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

Jeremy Michael Gomez, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence for attempted possession of methamphetamines, Mich. Comp. Laws § 333.7403(2)(b)(i), and two counts of resisting and obstructing a police officer, Mich. Comp. Laws § 750.81(d)(1). For the reasons that follow, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED** for failing to state a claim upon which relief can be granted.

## I. Background

Petitioner pleaded guilty to the above offenses in the Jackson County Circuit Court. Petitioner was sentenced to fourteen to sixty months on the attempted possession conviction and thirteen to twenty four months on the resisting and obstructing convictions. The sentences were to run concurrently.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Gomez*, No 357622 (Mich. Ct. App. Aug. 17, 2021); *lv. den.* 969 N.W.2d 38 (Mich. 2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Mr. Gomez is entitled to resentencing because the trial court incorrectly scored contends that the judge incorrectly assessed petitioner 10 points under Offense Variable (OV) 19 at 10 points despite there being no evidence in the record that he interfered with the administration of justice; alternatively, defense counsel was ineffective for failing to object to the improper scoring.

II. Mr. Gomez's sentence was invalid because it was based on inaccurate information concerning how the M.D.O.C's COVID-19 policies would affect his sentence, which resulted in Mr. Gomez receiving a lengthier sentence than what the judge intended at the time of sentencing. Due process requires that he be resentenced in accordance with the trial court's intent.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or

where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily dismissed. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). The Court likewise concludes that petitioner's related ineffective assistance of counsel claim is meritless, such that the petition must be summarily dismissed. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

**A. Claim # 1. The sentencing guidelines claim.**

Petitioner initially contends that the judge incorrectly assessed petitioner 10 points under Offense Variable (OV) 19 of the Michigan Sentencing Guidelines.

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th

Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal

5

constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range does not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

Petitioner, in the alternative, claims that trial counsel was ineffective for failing to object to the scoring of OV 19.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial

strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

The Michigan Court of Appeals and Michigan Supreme Court both rejected petitioner's claim on his direct appeal that his sentencing guidelines had been improperly scored.

As stated above, in questions of state law, state courts are the final arbiters. *See Bradshaw v. Richey,* 546 U.S. at 76. Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its

own law," this Court must reject petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005). In this case, the trial judge and the Michigan appellate courts rejected petitioner's sentencing guidelines claim. Petitioner is therefore unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See e.g. Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011). Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. The inaccurate information claim.

Petitioner in his second claim argues that he is entitled to resentencing because the judge at sentencing was of the mistaken belief that petitioner would be paroled almost immediately after completing various rehabilitation programs at prison. Petitioner claims that the judge's belief was based on inaccurate information because at the time of sentencing the judge did not know that the Michigan Department of Corrections was going to suspend certain rehabilitation programs in the prison system due to the COVID-19 Pandemic. Because petitioner has been unable to complete any programming in prison, the Michigan Parole Board has denied him parole. Petitioner argues he should be resentenced

in accordance with the sentencing judge's original intent that he would almost immediately be paroled.

In *United States v. Addonizio*, 442 U.S. 178 (1979), the U.S. Supreme Court held that post-sentencing changes in the guidelines of the U.S. Parole Commission, which resulted in a longer minimum term of imprisonment than intended by the trial judge in imposing sentence, did not provide a basis for the defendant to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. The Supreme Court indicated that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Id*. at 187. Thus, a sentence imposed by a judge in reliance upon assumptions concerning parole that are frustrated by subsequent actions of the Parole Commission is not based upon "misinformation of a constitutional magnitude." *Id*. The Supreme Court further held that a judge "has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." *Id*. at 190. Therefore, a claim that a sentence violates a defendant's due process rights is foreclosed where the alleged misinformation consists of an incorrect prediction by the

sentencing judge as to how a parole board would exercise its discretion. *See Kajevic v. Baer,* 588 F. Supp. 1061, 1066 (E.D. Mich. 1984), *aff'd,* 1985 WL 14066*,* 782 F.2d 1042 (6th Cir. Dec. 9, 1985)(Table)*; United States v. Schifano,* 748 F. Supp. 172, 175 (S.D.N.Y. 1990). Petitioner is not entitled to habeas relief on his second claim.

### III. Conclusion

The Court summarily dismisses the petition for a writ of habeas corpus with prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or

wrong. *Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly, the Court **SUMMARILY DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: April 28, 2022         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE